IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARGARET M. QUIDACHAY,

    Plaintiff,

v.

                            Case No. 16-1286-JTM

KANSAS DEPARTMENT OF
CORRECTIONS, and the STATE
OF KANSAS,

    Defendants.

**MEMORANDUM AND ORDER**

Margaret Quidachay filed suit against the Kansas Department of Corrections ("KDOC") and the State of Kansas, alleging disability discrimination and retaliation under Section 504 of the Rehabilitation Act of 1973. Before the court is defendants' motion to dismiss pursuant to Rule 12(b)(2), or alternatively, Rule 12(b)(6). Dkt. 6. For the reasons stated below, the court denies the motion.

**I.    Factual Allegations**

The court summarizes the First Amended Complaint ("FAC") as follows. Quidachay has a college degree and has substantial experience working in the corrections field. FAC at ¶ 2. From February 11, 2008 to August 1, 2012, she worked as a corrections officer at the El Dorado Correctional Facility (EDCF), which defendants own and operate. *Id.* at ¶¶ 5 and 12; Dkt. 1, Complaint, Ex. A. Defendants allegedly fired plaintiff in 2012 after she asked to be posted near a restroom to accommodate her Crohn's disease. FAC at ¶ 13. She appealed her termination to the civil service board of Kansas. During that process, she and the EDCF warden reached an agreement – withdrawal of her grievance for an upgrade in her performance evaluation to "Meets

Expectations" and a change in her termination status to resigned. Pursuant to the agreement, Quidachay withdrew her grievance and resigned her employment in July 2012.

Plaintiff then filed a lawsuit against the State of Kansas and various individuals in Butler County District Court for violations of the Americans with Disability Act ("ADA"). *Id.* at ¶ 17; *Quidachay v. Dept. of Corrections, et al*, 51 Kan. App.2d 278 (March 13, 2015). Although some of the claims have been dismissed, that case remains pending in Butler County District Court.

From August 14, 2013, until November 18, 2015, plaintiff applied for 77 jobs: 72 were with the KDOC at various corrections facilities including EDCF; and 5 were with the Kansas State Department of Children and Families (KDCF). Dkt. 1, Complaint, Ex. A. According to plaintiff, she was denied all 77 jobs as a result of defendants' unlawful policy of "blackballing" her. FAC at ¶ 20. Defendants allegedly prevented plaintiff from obtaining subsequent employment with the State of Kansas by maintaining her personnel records in a computer system that falsely indicated "she was terminated on the basis of her disability and that she had been 'Dismissed.'" *Id.* at ¶ 22. She avers that state agencies reviewed and relied on those records in refusing to hire her. *Id.* at ¶¶ 21-25.

**II.     Discussion**

Defendants seek dismissal on two grounds: 1) this court lacks personal jurisdiction over them; and 2) plaintiff has failed to state a plausible claim for relief under the Rehabilitation Act. With respect to the latter, defendants contend that plaintiff has failed to allege that: a) she was disabled during the relevant time period; b) she was otherwise qualified for the positions sought; c) she was not hired solely because of her disability; and d) a causal relationship linking KDOC to the refusals to hire.

### A. Rule 12(b)(2) and KDOC's Capacity to be Sued

Defendants argue that the KDOC lacks the capacity to be sued, thus this court lacks personal jurisdiction over it and the suit should be dismissed under Rule 12(b)(2). The court disagrees. Defendants' acceptance of federal funds acts as a waiver of sovereign immunity and renders any arguments against capacity ineffectual. *See* 42 U.S.C. § 2000d–7(a)(1) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal Court for a violation of section 504 of the Rehabilitation Act ..."); *Robinson v. Kansas*, 295 F.3d 1183, 1190 (10th Cir. 2002) (joining sister circuits in holding that states and state entities waive sovereign immunity by accepting federal financial assistance as specified in 42 U.S.C. § 2000d-7); *Arbogast v. Kansas*, No. 13-CV-4007-JAR, 2014 WL 1308915, at *6–7 (D. Kan. Mar. 31, 2014), *aff'd in part, dismissed in part sub nom. Arbogast v. Kansas, Dep't of Labor*, 789 F.3d 1174 (10th Cir. 2015).

### B. Rule 12(b)(6) and Claims under the RA

#### 1. Disability Discrimination

Section 504 of the Rehabilitation Act states that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). To state a discrimination claim under the Rehabilitation Act, plaintiff must show that: 1) she is disabled under the Act; 2) she would otherwise be qualified for the job; 3) the program receives federal financial assistance; and 4) the program has discriminated against the plaintiff. *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010). The parties do not dispute that element 3 has been meet.

Defendants first argue that plaintiff's claims based on the refusals to hire that occurred before July 11, 2014, are barred by the statute of limitations. Defendants urge dismissal of these claims and exclusion of the related allegations from the complaint (Complaint, Ex. A., ¶¶ A-BB). Dkt. 17 at 2. Because plaintiff clarified that she does not seek relief for refusals to hire that are outside the statute of limitations or that were genuinely available only to internal candidates, the court finds it unnecessary to dismiss these claims or require exclusion of the related allegations from the complaint.

Defendants next argue that plaintiff has failed to sufficiently allege that she is disabled, that she is otherwise qualified for the jobs, or that KDOC discriminated against her solely on the basis of her disability. As to being disabled, defendants argue that plaintiff's factual allegations only established that she was impaired in the performance of her job with EDCF in 2012. The court disagrees. Plaintiff alleged that she has Crohn's disease, which substantially limits her major bodily functions, including digestive and bowel functions, and her major life activities, including concentrating, thinking and working. FAC, ¶¶ 18-19. The court finds this factual allegation sufficient to claim she was disabled under the Act during the relevant period. It is reasonable to infer plaintiff had Crohn's disease in 2012 and continues to suffer from that condition.

As to being otherwise qualified for the job, defendants contend plaintiff has not alleged that "she was qualified for even one of [the 77] jobs [she applied for]." Dkt. 7 at 8. Defendants suggest that plaintiff must state facts showing she was qualified for each job. Plaintiff, however, alleged she was otherwise qualified for all 77 jobs based on her substantial experience working in the corrections field and having a college degree. FAC, ¶¶ 2, 18, and 28. Since most of the positions she applied for were corrections-related (*i.e.*, Corrections Counselor, Parole Officer,

4

Corrections Specialist, etc…), the court finds plaintiff has sufficiently pled facts to plausibly claim that she was otherwise qualified to do many of the jobs she sought. This is true even if plaintiff was not a qualified applicant for the 21 jobs that were listed for internal, agency-hire only ("internal jobs").

As to being discriminated against, defendants argue that plaintiff has failed to allege sufficient facts to show that she was rejected for the 77 positions solely because of her disability. Defendants contend there are no factual allegations that any of the decision-makers knew of her disability or rejected her because of her disability. The FAC, however, contains allegations that defendants maintain a computerized personnel record that decision-makers reviewed and relied upon. That system allegedly reflected that plaintiff had been dismissed for her disability. FAC, ¶¶ 20-25. Although the development of the facts for each rejection may reveal otherwise, for purposes of the motion to dismiss, the court concludes that plaintiff has pleaded enough facts to plausibly suggest that defendants have blackballed plaintiff on account of her disability. Dismissal of the discrimination claims is therefore not proper at this time. Defendants' remaining arguments are more suited for summary judgment.

2. **Retaliation**

To state a retaliation claim under the Rehabilitation Act, plaintiff must show: 1) that she engaged in a protected activity; 2) that she suffered a materially adverse action by KDOC either after or contemporaneous with her protected activity; and 3) a causal connection between the protected activity and the adverse action. *Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1131 (10th Cir. 2010). First, plaintiff alleges that she engaged in protected activity by requesting an accommodation, filing a KHRC complaint, and filing a disability discrimination suit in state court. Second, she alleges that defendants terminated her for requesting a reasonable

accommodation for her Crohn's disease. She further alleges that defendants maintained a false computerized personnel record to prevent her from future employment with the State. Defendants argue that any causal connection is defeated by the lack of temporal proximity, especially when the first 28 refusals to hire are barred by the statute of limitations. Although plaintiff may not obtain relief for those 28 refusals, they remain relevant to establish a link between the protected activity and the continued refusals to hire plaintiff. Although the allegations are extremely thin, for purposes of the motion to dismiss, the court concludes that plaintiff has pleaded enough facts to plausibly suggest that defendants retaliated against plaintiff.

### 3. Jury Trial Demand

In light of the court's ruling denying dismissal of plaintiff's Rehabilitation claims, defendant's request to strike plaintiff's demand for a jury trial is moot.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Dkt. 6) is **DENIED.**

**IT IS SO ORDERED** this 9th day of March, 2017.

s/   J. Thomas Marten
Chief United States District Judge
